*In re* WM. H. BLUMER & Co., Bankrupts.*

(*District Court, E. D. Pennsylvania.* September 8, 1882.)

BANKRUPTCY—PRINCIPAL AND SURETY—ACCEPTANCE OF BOND FROM SURETY—RETENTION OF CLAIM AGAINST CO-SURETIES.

> The treasurer of a city defaulted, and the city council passed a resolution that the sureties might give their individual bonds, payable in 18 months, for their *pro rata* of the balance due, but that the old bond should be retained and remain in full force. Five of the seven sureties gave individual bonds in accordance with this resolution, each for one-fifth of the debt. The other two sureties were insolvent, proceedings in bankruptcy having been commenced against them. *Held,* that their estates were not released by the acceptance of the bonds of their co-sureties, and that the city might prove against their estates for the whole debt

Exception to report of register allowing a claim of the city of Allentown against the separate estates of Jesse M. Line and William Kern, members of the firm of William H. Blumer & Co., bankrupts.

From the report of the register (Edwin T. Chase, Esq.) it appeared that Jesse M. Line and William Kern, with five others, had become sureties to the city of Allentown upon the official bond of one Jacob A. Blumer, treasurer, who afterwards defaulted, leaving a deficiency of $9,357.30 to be paid by his sureties. Afterwards the city councils passed a resolution reciting the concurrence of the city in a proposition of the bondsmen of said Jacob A. Blumer, and directing that said bondsmen should give their individual bonds for their *pro rata* of the balance due by said defaulting treasurer, with such bondsmen

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

as should be approved by the finance board, payable in 18 months, and "that the old bonds should be retained and remain in full force and virtue." Seven days before the passage of this resolution proceedings in bankruptcy had been commenced against the firm of William H. Blumer & Co., of which Jesse M. Line and William Kern were members, and they did not give bond in accordance with the resolution. The remaining five sureties, however, each' gave their individual bond to the city for one-fifth of the debt. Subsequently, the firm of William H. Blumer & Co. being adjudicated bankrupts, the city presented a claim against the separate estates of Jesse M. Line and William Kern upon the original debt. It appeared that the city had collected $1,114.68 from the estate of the defaulting treasurer, and that one of the sureties, who had given his individual bond, had since paid $871.46 thereon. The register allowed the claim of the city for the $9,357.30, less the $1,114.68 received from the estate of the treasurer. Exceptions were filed to this report.

*P. K. Erdman* and *Edward Harvey*, for exceptants.

*R. E. Wright, Jr., contra.*

BUTLER, D. J. The question raised is one of construction. If the transaction with the five co-sureties was intended to be a *discharge of the original obligation*, no recovery can now be sustained against the estates of Line and Kern; or if it was intended as a *discharge of the five co-sureties* from the obligation, Line's and Kern's estates can only be looked to for two-sevenths of the deficiency. If, on the other hand, the transaction was intended as a conditional discharge only, —the obligation to remain in force until Blumer's default was made good,—it had no effect whatever upon the city's rights against Line and Kern. The rule of law applicable is plain, and no authorities need be cited.

In my judgment, the latter view of the transaction is the only one justified by the evidence. The city was careful to reserve its rights under the original bond—stipulating in plain terms that the obligation shall continue in force. Of course, if. the new bonds had been paid, and the claim of the city had been thus satisfied, the original obligation would have been discharged. But until this should be done the original obligation was to continue in force. Nothing has occurred to interfere with Messrs. Line's and Kern's right to contribution for what they may pay beyond their just proportions.

The exception must therefore be dismissed.